UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINN BASS,<br><br>                           Plaintiff,<br><br>v.<br><br>SAMMY J AUTO SALES,<br><br>                           Defendant. | Case No.:  26cv819-LL-BLM<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>[ECF No. 2] |

Before the Court is Plaintiff's Request for Appointment of Counsel. ECF No. 2. On February 10, 2026, Plaintiff, proceeding pro se, filed a complaint against Sammy J Auto Sales alleging violations of the Magnuson-Moss Warranty Act and the California Song-Beverly Consumer Warranty Act, as well as other state law claims arising out of his purchase of a 2015 Chevrolet Tahoe from Defendant. ECF No. 1. Plaintiff contends that he does not have "the proper resources to obtain counsel nor adjudicate this case" while "defendants have the resources to obtain sufficient counsel." ECF No. 2.

There is no constitutional right to counsel in a civil case. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). The Court has discretion in "exceptional circumstances" under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer*, 560 F.3d at 970. Determining whether "exceptional circumstances"

1

exist requires consideration of both (1) a plaintiff's likelihood of success on the merits" and (2) whether the [plaintiff] "is unable to articulate [her] claims in light of the complexity of the issues involved." *Palmer*, 560 F.3d at 970; *see also Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *see Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "Neither of these considerations is dispositive and must be viewed together." *Palmer*, 560 F.3d at 970.

The Court finds Plaintiff's current circumstances are insufficient to demonstrate the "exceptional circumstances" required to justify appointment of counsel. Upon review of the complaint, the issues raised do not appear complex. Plaintiff has adequately articulated his claims of wrongdoing and his requests for relief. As to whether Plaintiff is likely to succeed on the merits, the Court finds it is too early to determine when only the complaint is before the Court and with no arguments or evidence demonstrating Plaintiff will prevail on the merits. *See Garcia v. Smith*, No. 10-cv1187-AJB (RBB), 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel when it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment). Therefore, in making the required considerations, the Court finds Plaintiff's situation does not rise to "exceptional circumstances" warranting appointment of counsel. Accordingly, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated:  March 30, 2026

_____
Honorable Linda Lopez
United States District Judge