UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

QUINN BASS,
Plaintiff,
v.
SAMMY J AUTO SALES,
Defendant.

Case No.: 26cv819-LL-JAC

**ORDER DISMISSING CASE FOR LACK OF JURISDICTION**

This case arises from the sale and purchase of a used car that subsequently suffered problems that required repairs. Plaintiff Quinn Bass, proceeding pro se, initiated this case by filing a complaint against Defendant Sammy J Auto Sales alleging six state law claims and one claim for breach of express warranty under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301–2310, and California's Song-Beverly Consumer Warranty Act. ECF No. 1 at 1. For the reasons set forth below, the Court finds it lacks subject matter jurisdiction.

A court has an independent obligation to dismiss an action if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction. *Badgerow v. Walters*, 142 S. Ct. 1310, 1315 (2022). The two basic statutory grants of subject matter jurisdiction to federal courts are found in

28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "federal question" jurisdiction and is invoked when the plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Section 1332 provides for "diversity jurisdiction" and is invoked when the plaintiff "presents a claim between parties of diverse citizenship that exceeds the required jurisdiction amount, currently $75,000." *Id.*

Plaintiff asserts federal-question jurisdiction under 28 U.S.C. § 1331 for his cause of action under the MMWA and supplemental jurisdiction under 28 U.S.C. § 1367 for his related state-law claims. *Id.* at 2. He states that the amount in controversy exceeds $250,000 because he seeks $10,000 in economic damages; at least $50,000 for mental anguish and emotional distress "caused by being sold a defective, unsafe Vehicle and by Defendant's refusal to remedy the situation"; $20,000 to $25,000 in civil penalties pursuant to state statute; at least $150,000 in punitive damages; and an undisclosed amount in attorney's fees. *Id.* at 10–11.

In relevant part, the MMWA allows a consumer who is damaged by the failure of a warrantor to comply with any obligation under a written or implied warranty to bring a suit for damages in federal district court if the amount in controversy is not less than $50,000, exclusive of interests and costs. 15 U.S.C. § 2310(d). Personal injury damages and punitive damages, with limited exceptions not applicable here, are not cognizable under the MMWA and they cannot be counted towards satisfaction of the $50,000 amount in controversy requirement. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1039–40 (9th Cir. 2004).

The Court finds that the majority of the amount in controversy encompasses claims that are not cognizable under the MMWA. Plaintiff's claims for noneconomic damages of emotional distress are the type of personal injury claim prohibited by the MMWA. *See id.* at 1039; *Van Alfen v. Toyota Motor Sales, U.S.A., Inc.*, No. CV 11-04143 JVS FMOX, 2011 WL 4633986, at *7 (C.D. Cal. Sept. 29, 2011) ("The Court is mindful of the MMWA's clear intent to generally exclude personal injury damages from MMWA claims."

(citing 15 U.S.C. § 2311(b)(2)). Punitive damages are also not recoverable under the MMWA. *Kelly*, 377 F.3d at 1039–40. Plaintiff seeks an undisclosed amount in attorney's fees, but he is proceeding without an attorney and may not count such fees toward the jurisdictional threshold. Even if attorney's fees could be counted, no reasonable amount has been proposed. Because the economic damages are $10,000 and civil penalties are $20,000 to $25,000, it appears to a legal certainty that the claim cannot meet the MMWA's $50,000 requirement, and therefore it must be dismissed for lack of jurisdiction.[1] *See Kelly*, 377 F.3d at 1037. The Court declines to exercise supplemental jurisdiction over the remaining state law claims because the only claim over which it potentially had original jurisdiction has been dismissed. *See* 28 U.S.C. § 1367(c).

Accordingly, this lawsuit is **DISMISSED WITHOUT PREJUDICE** to refiling in state court. Any pending motions are denied as moot. The Clerk of Court shall close this matter.

**IT IS SO ORDERED.**

Dated: October 5, 2026

Honorable Linda Lopez
United States District Judge

[1] The Court assumes without deciding that civil penalties pursuant to state law may be included in the amount in controversy for purposes of the MMWA.